2013 JUN 19 AM 10: 04

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Enpat, Inc., <br> a Florida Corporation, <br><br> Plaintiff, <br><br> v. <br><br> Tenrox Inc., <br> a Delaware Corporation, <br><br> Defendant. | ) <br> ) <br> ) Civil Action No.: 6:13-CV-948-Orl-31K <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF ENPAT, INC.'S COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Enpat, Inc. files this Original Complaint for damages, attorneys' fees, and costs against Defendant Tenrox Inc. In support of its Original Complaint, Enpat, Inc. states as follows:

### THE PARTIES

1. Plaintiff Enpat, Inc. ("Enpat") is a corporation duly organized and existing under the laws of Florida, having its principal place of business in Cincinnati, Ohio.

2. On information and belief, Defendant Tenrox Inc. ("Tenrox") is a Delaware corporation with a principal place of business in Laval, Quebec, Canada.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

4. This Court has personal jurisdiction over the Defendant in that it has committed acts within Florida and this judicial district giving rise to this action and the Defendant has established minimum contacts with the forum such that the exercise of jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice.

## VENUE

5. The Defendant has committed acts within this judicial district giving rise to this action and does business in this district, including providing services to customers in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## GENERAL ALLEGATIONS

7. On August 20, 1996, United States Patent No. 5,548,506 ("the '506 Patent") was duly and legally issued to Seshan R. Srinivasan for an invention entitled "Automated, Electronic Network Based, Project Management Server System."

8. On October 19, 2004, United States Patent No. RE38,633 ("the '633 Patent") was duly and legally reissued from the '506 Patent. A true and correct copy of the '633 Patent is attached hereto as Exhibit A.

9. On April 1, 2004, all right, title, and interest in the '506 patent and the related patent reissue application number 09/137186 were assigned to Enpat.

10. Plaintiff Enpat is an active licensor and enforcer of the '633 Patent, having granted numerous licenses thereto.

11. In general, the claims of the '633 Patent are directed to a software system that automates resource allocation.

12. At all times relevant to this litigation, companies in the project management software industry, including Defendant Tenrox, have used technology protected by the '633 Patent.

13. By letter dated July 9, 2010, the President of Plaintiff Enpat provided a copy of the '633 patent and an infringement analysis with an invitation to discuss license terms to Mr. Rudolf Melik, a principal of Defendant Tenrox (the "July 9, 2010 letter").

14. By e-mail dated November 12, 2010, the President of Plaintiff Enpat again provided an infringement analysis, a reference to the '633 patent, and an invitation to discuss license terms to Mr. Rudolf Melik, a principal of Defendant Tenrox (the "November 12, 2010 e-mail").

15. By letter dated March 3, 2012, the President of Plaintiff Enpat provided a copy of the '633 patent and an infringement analysis with an invitation to discuss license

terms to a principal of non-party Silverback Enterprise Group, the entity that acquired Defendant Tenrox (the "March 3, 2012 letter").

16.  By a phone call in 2013, the President of Plaintiff Enpat spoke with Mr. Ludwig Melik, a principal of Defendant Tenrox, regarding Defendant Tenrox's infringement of the '633 Patent (the "2013 phone call").

17.  Defendant Tenrox has not responded to the July 9, 2010 letter.

18.  Defendant Tenrox has not responded to the November 12, 2010 e-mail.

19.  Defendant Tenrox has not responded to the March 3, 2012 letter.

20.  Defendant Tenrox has not responded to the 2013 phone call.

21.  Defendant Tenrox has been on notice of the '633 patent since at least the date it received the July 9, 2010 letter.

22.  On information and belief, Defendant Tenrox distributes a cloud-based project management software application that infringes the technology protected by the '633 patent.

### FIRST CAUSE OF ACTION:
### INFRINGEMENT OF U.S. PATENT NO. RE38,633

23.  Paragraphs 1 through 22 are re-alleged and incorporated as if fully set forth herein.

24.  Upon information and belief, Defendant Tenrox has made, used, sold, or offered for sale in this judicial district and elsewhere throughout the United States products and/or services that infringe one or more claims of the '633 Patent.

25. By way of example and without limitation, Defendant Tenrox infringes at least claim 12 of the '633 Patent.

26. Systems made, used, sold, or offered for sale by Defendant Tenrox that infringe on at least one claim of the '633 patent include, by way of example only and without limitation, Defendant Tenrox's Project Plan Software.

27. Upon information and belief, Defendant Tenrox has infringed and continues to infringe the '633 Patent pursuant to 35 U.S.C. § 271, either directly or by contributory infringement or by inducing infringement.

28. Upon information and belief, Defendant Tenrox's infringement of the '633 Patent is willful and deliberate, entitling Plaintiff Enpat to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

29. As a consequence of the acts and practices of Defendant Tenrox, Plaintiff Enpat has been injured in its business and property rights, and has suffered damages for which it is entitled to relief under 35 U.S.C. §284.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Enpat prays for judgment and seeks relief against the Defendant as follows:

(a) For Judgment that the '633 Patent has been and continues to be infringed by Defendant Tenrox;

(b) For an accounting of all damages sustained by Plaintiff Enpat as a result of the acts of infringement by Defendant Tenrox;

(c) For actual damages together with prejudgment interest;

(d) For enhanced damages pursuant to 35 U.S.C. § 284;

(e) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(f) For all costs of suit; and

(g) For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Enpat demands a jury trial.

Dated this 13th day of June 2013

s/Kelly G. Swartz
**KELLY G. SWARTZ, Trial Counsel**
FL Bar No.: 0057563
**INGENUITY LAW, P.A.**
1900 Hickory Street, Suite B
Melbourne, FL 32901
Telephone: (321)216-3949
Fax: (321)574-4194
Kelly@IngenuityLaw.com
**ATTORNEY FOR PLAINTIFF ENPAT, INC.**